IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EARNEST SEXTON, ET AL.                                    PLAINTIFFS

vs.                              NO: 3:06CV00163BSM

WAYMOND HUTTON, ET AL.                                    DEFENDANTS

## ORDER

     Plaintiffs, Earnest Sexton ("Sexton") and Jo Ann Sexton (collectively "plaintiffs"),

bring this action pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act (ACRA),

Ark. Code Ann. §16-123-105, alleging that defendant Delbert Robbins ("Robbins") and

defendant Waymond Hutton ("Hutton") violated Sexton's constitutional rights.  On June 4,

2008, the court dismissed the false arrest claim, the claim against Robbins in his official

capacity, and the claim against Hutton in his individual capacity.  The parties have filed

counter motions for partial  summary judgment on Robbins' statute of limitations defense.

For the reasons stated below, the defendants' motion is granted.

## *I. BACKGROUND*

     Plaintiffs initially sued Robbins and Hutton in the Lawrence County, Arkansas Circuit

Court on January 13, 2004, for conduct arising from his arrest on January 15, 2003.

Although plaintiffs attempted to serve Robbins, there is no dispute that he was never served.

Hutton, however, was served and, on his behalf, counsel filed an answer on February 6, 2004.

Later, a second lawyer entered an appearance on behalf of both Hutton and Robbins, and on

January 19, 2005, filed a motion to dismiss, pursuant to  Ark. R. Civ. P. 12(b)(6), asserting

that plaintiffs failed to state facts upon which relief can be granted.  The record before the court does not indicate whether that motion was ruled upon.  However, on August 24, 2006, the circuit court granted plaintiffs' motion to dismiss without prejudice.  This case was re-filed on September 7, 2006.

Plaintiffs have moved for partial summary judgment requesting dismissal of Robbins' statute of limitations defense.  Defendants have filed a counter motion for partial summary judgment asserting that plaintiffs' claims against Robbins are barred by Arkansas's three year statute of limitations.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate if the record '[shows] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1073 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(c)).  As the facts in this case are not in dispute, the statute of limitations issue becomes a question of law to be decided by the court.  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Union Pacific R. R. Co v. Reilly Indus., Inc.*, 215 F.3d 830, 835 (8th Cir. 2000)

## III.  DISCUSSION

Robbins was never served with the original complaint.  Therefore, the case before the court is untimely and must be dismissed.  This is true because Arkansas' three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3), applies to this § 1983 action.

*Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).  Arkansas has a saving statute which provides that a plaintiff who commences an action within the applicable statute of limitations and "suffers a nonsuit" may commence a new action within one year after the nonsuit.  Ark. Code Ann. § 16-56-126.[1]

An action is commenced under Ark. R. Civ. P. 3 by the filing of a complaint with the clerk.  The commencement date, however, is subject to the plaintiff completing service within 120 days from the filing date of the complaint, unless the time for service has been extended by the court under Ark. R. Civ. P. 4(i).  *Forrest City Machine Works, Inc. v. Lyons*, 315 Ark. 173, 175  (1993).  To toll the limitations period and invoke the saving statute, a plaintiff need only file his complaint within the statute of limitations and complete timely service on a defendant.  *Id.*  Indeed, the well established law in Arkansas is that an action is not "commenced" for purposes of the saving statute if the plaintiff fails to complete service on the defendant within 120 days or obtain an extension.  *See e.g., Hicks v. Clark,* 316 Ark. 148, 150 (1994); *Green v. Wiggins,* 304 Ark. 484, 488 (1991) (plaintiff failed to commence action so as to effectuate savings clause where he failed to meet service requirements of Rules 3 and 4(i) ).

Plaintiffs argue that Robbins waived this argument because counsel filed the motion to dismiss on his behalf.  Although the court takes note of this argument, Arkansas law

---

[1]This provision has been referred to as either a savings statute or a saving statute. *Compare McCoy v. Montgomery,* 370 Ark. 333 (2007) (savings statute) with *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173 (1993) (saving statute).

provides that the service requirements of Arkansas Rule of Civil Procedure 4(i) are to be strictly construed and compliance with them must be exact. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 710 (2003); *Kangas v. Neely*, 346 Ark. 334 (2001) (service of complaint after 120th day was not effective). Rule 4(i) provides in relevant part:

> If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Plaintiffs did not serve Robbins within 120 days or seek an extension of time to serve Robbins. By failing to do so, plaintiffs did not timely commence the state court action.

Plaintiffs also contend that Robbins waived the defense of insufficiency of process. "[U]nder Ark. R. Civ. P. 12(h)(1), a party waives the defense of insufficiency of process under Ark. R. Civ. P. 12(b)(4) if he or she fails to raise the argument in either the answer or a motion filed simultaneously with or before the answer." *Southern Transit Co., Inc. v. Collums*, 333 Ark. 170, 176 (1998). *See Lawson v. Edmundston*, 302 Ark. 46, 50 (1990).

In support of this argument, plaintiffs rely on *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154 (2006). In *Posey,* defendant St. Bernard's filed its answer prior to the expiration of the 120-day period for completing service of process. Because St. Bernard's failed to raise its defense in either the answer or in a motion filed before or simultaneously with the answer, the court found that St. Bernard's had waived the service of process defense. *Id.* at 164. Key to the present case, the court specifically held that "failure to

-4-

comply with the service requirements of Rule 4(i) results in a failure to commence the action so as to effectuate the one-year savings provision. . . ." *Id.* at 165.

Plaintiffs' reliance on a waiver argument is inappropriate in this instance because the limitations defense turns on when the action was commenced. *See Sublett v. Hipps*, 330 Ark. 58 (1997) (where plaintiff did not serve defendant in 120 days, defendant did not waive limitations defense by failing to move to dismiss for insufficiency of service of process).

> [W]hile Rules 12(b)(5) and 12(h)(1) clearly set forth the procedure for raising an insufficiency-of-service-of-process defense, they do not set the conditions for mounting a limitations defense. The touchstone for a limitations defense to a tort action is when the cause of action was commenced. *See* Ark.Code Ann. § 16-56-105 (1987). [Defendant] raised the statute of limitations as an affirmative defense in his answer and has shown failure to commence the litigation within three years as required by our caselaw.

*Id.* at 63-64.

Finally, plaintiffs argue that the saving statute is invoked because plaintiffs attempted to serve Robbins. The court disagrees. Although the saving statute may apply when a plaintiff timely completes service that turns out to be invalid, *See Forrest City Mach. Works v. Lyons*, 315 Ark. 173 (1993), a plaintiff is prevented from invoking the statute when, as here, the plaintiff never perfects service. *Hick*s,  316 Ark. at 150.

## IV.  CONCLUSION

For the reasons set forth above, plaintiffs' claims against Robbins are barred by the statute of limitations.  Therefore, the court finds that Robbins is entitled to summary judgment and the case against him is hereby dismissed with prejudice.

IT IS SO ORDERED this 1st day of October, 2008.

_____

UNITED STATES DISTRICT JUDGE