IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EARNEST SEXTON and JO ANN SEXTON                                  PLAINTIFFS

vs.                           NO: 3:06CV00163BSM

WAYMOND HUTTON, ET AL.                                            DEFENDANTS

**ORDER**

Pending before the court are plaintiffs' petition for writ of habeas corpus ad testificandum or in the alternative, motion for continuance (Doc. No. 106), motion in limine (Doc. No. 108) and motion for leave to use the depositions of plaintiff Ernest Sexton ("Sexton") at trial (Doc. No. 109). Defendant has responded.

Based on the documents, Sexton is being held in the Parker County, Texas Detention Facility for failure to register as a sex offender. There is some question as to whether he can post bond to be released before trial. The status of plaintiff Jo Ann Sexton is unclear. She initially was also detained but appears to have been released.

Trial in the matter is scheduled for February 23, 2009 in Jonesboro, Arkansas. Plaintiffs are responsible to take whatever action is necessary to appear at trial. The court will not have the United States Marshal go to the expense of transporting plaintiffs to trial in Jonesboro. Therefore the application for writ of habeas corpus ad testificandum is denied.

In the alternative, plaintiffs request that the court continue the trial. The request is denied. The incident giving rise to this action occurred more than six years ago. Plaintiffs filed an action in state court four years ago, which plaintiffs voluntarily dismissed. They

filed this action in September, 2006. The court has ruled on dispositive motions and the case is ready to be tried..

Sexton requests that he be granted leave to take his evidentiary deposition or allow his discovery deposition to be used at trial. Unless plaintiffs are willing to pay for the costs of an evidentiary deposition, including the travel expenses of defense counsel, the court will deny plaintiffs' request for an evidentiary deposition.

Rule 32(a)(4) of the Federal Rules of Civil Procedure governs the use of the deposition at trial when a witness is unavailable. The Rule provides:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> (A) that the witness is dead;
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
> (E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4)..

Defendant took Sexton's discovery deposition on June 1, 2006 during the state court proceeding. He objects to the use of Sexton's deposition at trial, stating that it is full of

hearsay testimony. Defendant also contends that Sexton has not established that he is unavailable

That the deposition contains hearsay is not a basis to disallow its use at trial. The objectionable portions can be stricken. Sexton, however, has not established that he meets the requirements of Rule 32(a)(4). The court assumes that the jail in which Sexton is being detained is more than 100 miles away; however, plaintiffs have not established that Sexton cannot appear. Plaintiffs have not indicated that he is unable to make bond or take the necessary steps to procure his release. According to defendant, Sexton is being held on $20,000.00 bond, and can secure his release by paying ten percent fee to a bail bondsman.

The court, therefore, finds that Sexton has not established that he is unavailable and denies the motion for leave to use the deposition at trial without prejudice to renew to establish a basis for granting the request.

The court grants plaintiffs' motion in limine in part and denies it in part. Defendant is only precluded from commenting or mentioning the reasons for Sexton's absence from trial.

Accordingly, the application for writ of habeas corpus ad testificandum or motion for continuance (Doc. No. 106) is denied; the motion in limine (Doc. No. 108) is granted in part and denied in part); and motion for leave to use depositions (Doc. No. 109) is denied.

IT IS SO ORDERED this 12th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE