IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EARNEST SEXTON                                                                                          PLAINTIFF

vs.                                              NO: 3:06CV00163BSM

DAN ELLISON                                                                                            DEFENDANT

## ORDER

On February 24, 2009, a twelve-person jury found in favor of plaintiff Earnest Sexton and against defendant Dan Ellison, in his official capacity as Sheriff of Lawrence County, Arkansas. The jury awarded plaintiff damages in the amount of $30,000.00. Plaintiff has filed two applications for attorneys' fees and costs [Doc. Nos. 128 and 130].

Oscar E. Jones (Jones) submitted a petition for 69.50 hours of work and $3,080.24 in costs (hereinafter "Jones petition"). The petition does not ask for a specific hourly rate, but Jones has submitted affidavits supporting an hourly rate of $150.00 to $200.00 based on Jones's experience.

Harrill & Sutter, P.L.L.C. has submitted an application for $56,0021.00 in fees, representing 252.60 hours of work, and costs in the amount of $7,130.20 for a total of $63,151.20 in fees and costs (hereinafter "Sutter petition.")

## I. BACKGROUND

Jones was plaintiff's lawyer, when he and his wife originally filed suit against the former sheriff, Waymond Hutton, and his deputy, Delbert Robbins, in the circuit court of Lawrence County, Arkansas on January 13, 2004 ("state court action"). Hutton answered and

Robbins was never served. Some discovery was conducted in the state court action. In September, 2005, Jones associated Luther Sutter ("Sutter"). On August 24, 2006, pursuant a motion by plaintiffs, the state court action was dismissed without prejudice.

On behalf of plaintiff and his wife, Sutter filed the present action on September 7, 2006. The complaint in this action is fairly identical to the one filed in the state court. The parties engaged in additional discovery. On June 24, 2008, the court granted in part defendants' motion for summary judgment, dismissing claims against Robbins in his official capacity and against Hutton in his individual capacity. [Doc. No. 85]. On October 1, 2008, the court granted defendant's motion for partial summary judgment and dismissed the case against Delbert Robbins with prejudice. [Doc. No. 101]. The case was tried on February 23 and 24, 2009, to a twelve person jury that found the Sheriff of Lawrence County liable for violating plaintiff's constitutional rights.

## II. DISCUSSION

A prevailing party in a case brought pursuant to 42 U.S.C. § 1983 is entitled to a reasonable attorney's fee. 42 U.S.C. § 1988(b). Defendant does not dispute that plaintiff is the prevailing party and is entitled to a fee. He also does not contest the hourly rates requested. Defendant contends, however, that the fees sought are excessive given the relative simplicity of the case and the limited success plaintiff achieved.

"To be a prevailing party, a plaintiff must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. The amount of the

damage award does not change the prevailing party inquiry, but does bear on the quantum of fees awarded. *Gill v. Maciejewski*, 546 F.3d 557, 565 (8th Cir. 2008) (internal quotations and citations omitted). *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (to qualify as prevailing party, civil rights plaintiff must obtain at least some relief on merits of his claim).

The starting point for determining a reasonable fee is the "lodestar" calculation, that is the numbers of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). To determine the lodestar amount, the court may consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*United Health Care Corp. v. Am. Trade Ins. Co., Ltd.*, 88 F.3d 563, 575 n. 9 (8th Cir. 1996) (citing *Hensley*, 461 U.S. at 434 n. 3). The court may exclude hours not reasonably expended from the lodestar calculation. *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir. 2000).

"The most important factor in assessing fees is the degree of success obtained." *Fish v. St. Cloud State Univ.*, 294 F.3d 849, 852 (8th Cir. 2002). While Sexton did not prevail against all defendants on all claims, he "succeeded in vindicating the asserted constitutional violation." *Gill*, 546 F.3d at 565. The court finds that the award, therefore, should not be reduced based on his limited success.

Four attorneys represented plaintiff at various stages of the litigation. Jones has not submitted a brief in support of his petition, and it appears that he worked primarily on the original state court action and basically reviewed Sutter's work after Sutter became involved in the case. "Section 1988 does not limit fee awards to work performed after the complaint is filed, but allows recovery of fees for time spent beforehand investigating facts and researching the viability of potential legal claims." *McDonald v. Armontrout*, 860 F.2d 1456, 1452 (8th Cir. 1988). "[F]ees may be recovered for research or investigation done in connection with a related proceeding, to the extent it proved directly relevant to the successful prosecution of the later civil rights action." *Id* (internal quotations and citations omitted).

Jones is entitled to a fee of $1000, which is compensation for five hours of work at $200.00 per hour. He is entitled to fees for work that was useful and advanced this litigation, but is not duplicative of work performed subsequently. *See North Carolina Dep't of Transp. v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6, 15 (1986) (discrete portion of work product from earlier proceedings that was both useful and necessary to advance civil rights litigation can be part of attorney's fees awarded). Jones is not entitled to compensation for many of the hours claimed, including time spent drafting the state court complaint and summons, and reviewing Sutter's work. Indeed, much of the time he claims duplicates the time claimed by Sutter. For example, Jones reviewed medical records, attended a deposition with Sutter, and reviewed court orders and motions filed by opposing counsel. Other than obtaining medical

records and arrest documents, and maintaining some contact with an essential witness, the work performed by Jones did not advance the litigation or was duplicative of work performed by other attorneys.

Plaintiff is entitled to attorneys' fees of $40,300 as follows: 60 hours were reasonably expended at a rate of $250 per hour ($15,000); 120 hours were reasonably expended at a rate of $200 per hour ($24,000); and (3) 20 hours of paralegal time were reasonably expended at a rate $65 per hour ($1,300). Further, plaintiff is entitled to costs pursuant to the Harrill & Sutter petition in the amount of $7,130.20.

Harrill & Sutter claims fees of $56,021 for 252.6 hours of work. The fees requested in the Sutter petition are difficult to assess because the petition does not specify which attorney performed which service. Further, although the time sheets provided list paralegal services, they do not separate those services from the services performed by the attorneys. Moreover, the number of hours provided must be disallowed as excessive. For example, counsel claims .30 hours for receiving a notice of appearance of counsel for defendants via ECF, .30 hours for receiving notice of appearance of another counsel, .30 for receipt of notice of filing of a motion, .40 hours to review a relatively simple order granting extension of discovery and dispositive motions deadlines and continuing the trial, 3.90 hours on July 25, 2007, to draft a one paragraph motion in limine which just cites Rule 403 and 1.0 hours to assemble the motion in limine and serve via ECF, .80 hours on August 17, 2007, to review a response to a motion in limine that is one page long and does not cite any cases, 3.0

hours on September 7, 2007, for receiving documents from Lawrence County, .30 hours on October 26, 2007, for receiving and reviewing a one paragraph order granting plaintiffs' motion in limine, and .30 hours on October 15, 2008, for receipt of a USPS notice of change of address; As defendant notes, the issues in the case were not particularly difficult, and should not have taken a great deal of time given counsel's familiarity and experience with civil rights claims. *See* affidavits of L. Oneal Sutter, Christopher Gomlicker, and Lucien Gillham, Doc. No. 128.

Accordingly, the applications for attorneys' fees and costs [Doc. Nos. 128 and 130] are granted in part and denied in part. Plaintiff is awarded attorneys' fees in the amount of $41,300 and costs in the amount of $7,130.20.

IT IS SO ORDERED this 2nd day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE